## THE TOWN OF UNION ads. PETER J. DURKES.

1. A city is not liable to suit for damage done by surface water running down in large quantities through a new street constructed over the crest of a hill, and there connected with transverse streets.
2. *Contra*, if the opening of such new street draws off the water from a natural water course.

In case. On motion for a new trial.

Argued at February Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE and KNAPP.

For the motion, *Dixon*.

*Contra, S. B. Ransom.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. Interpreting this evidence most favorably to the plaintiff, there is found to be a not very stable foundation for an action at law.

The defendant, the town of Union, opened a street over a hill within the corporate limits ; and, at the apex of this elevation, with the purpose of accommodating the grade to the plane of the land above, was obliged to make an excavation of considerable depth. Over the top of this hill this new street was continued, and transverse streets, properly graduated, were opened into it ; the consequence was that, in times of heavy rains, large quantities of water gathered at the crest of the hill, and discharged itself through the opening made for the new street, and, following the declivity of that street, when near the bottom, spread over the lot of the plaintiff, washing away the soil, and doing other damage. For this alleged injury the suit is brought.

It is a rule of law, of very considerable importance, and which is certainly settled in this state, that an action will not

lie in behalf of an individual who has sustained special damage from the neglect of a public corporation to perform a public duty. *Pray* v. *Mayor and Common Council of Jersey City*, 3 *Vroom* 394. This action, consequently, must rest, if it is to be sustained, on some positive act, wrongful in itself, and detrimental to the plaintiff. At the trial, it would seem to have been the principal ground of complaint, that the city had not provided a suitable sewer or drain to carry off the waters that worked this damage to the premises in question. But, so far as this water was surface water, it seems plain that the law put no such duty on the public. This court, in the case of *Bowlsby* v. *Speer*, 2 *Vroom* 351, decided that the diversion of surface water, even when such a diversion did a hurt to another, was not an actionable wrong. And, with respect to damage done in that way, by the grading of public streets, done under competent authority, the authorities are quite uniform in holding that no responsibility exists. Judge Dillon is clearly justified by the cases he cites, in laying down the legal rule in this broad form. 2 *Dillon on Mun. Corp.*, § 798. Lord Tenderden forcibly expressed the legal idea when he said that surface water was the common enemy, which every proprietor may fight and get rid of as best he may. Consequently, if the plaintiff's case rested exclusively on the fact that, by cutting this street through this hill, and intersecting it with cross streets, this surface water, collecting from various quarters, flowed down the street in question, and thus came upon the lot alleged to be injured, no liability in the defendant would have appeared. In all this, the corporate authorities did nothing but what they had a right to do; and the result was nothing wrongful, being simply the diversion of surface water. If, for such a course of acts, an action will lie, then scarcely a grade of a street can be made or altered without the incurring of a similar liability. Fortunately the law has been settled otherwise.

But there was another circumstance in the case made at the trial; and it was this feature which probably led the judge who presided, to let the facts go to the jury. Some of the

witnesses stated that the streets above the hill were so graded as to draw off from a swamp which was there, the water from two or more natural water courses. To conduct such water into a public street, and to convert such street into a channel for its discharge, was, of course, unjustifiable, and for damage caused by such an act, the defendant would be plainly responsible. The testimony touching these so-called natural streams is, by no means, explicit, or very intelligible; and it well may be that, on fuller examination, it might be made to appear that such courses are nothing more than the beds or channels of surface water in a wet season. But, in favor of the verdict, I am inclined to construe this evidence so as to afford a legal support to the action.

But there is a defect in the finding of the jury which it is impossible to disregard. The amount of damages assessed is so large as to be absurdly excessive. The causes for injury have been operative for only about two months, and the jury found damages to the extent of $490. Upon the most liberal estimate, the rains during this period could not have injured the property of the plaintiff over $100. If he chooses to reduce the verdict to that amount, he may take judgment; otherwise a new trial must be granted.